## Commonwealth *v.* Weber, Appellant.

*Criminal law—Murder—Charge—Inadequacy.*

A conviction in a murder case will not be reversed because of the alleged inadequacy of the charge, where it appears that the trial judge summarized the testimony for both the defendant and the Commonwealth, and charged that the jury were to decide the case on the evidence as they recalled it, and also instructed them to scrutinize the testimony of every witness and determine whether any were biased or prejudiced, and warning them that confessions should be considered only when shown to have been made voluntarily and not induced by any promise or threat.

Argued May 23, 1921. Appeal, No. 67, Oct. T., 1921, by defendant, from judgment of Q. S. Allegheny Co., Jan. T., 1919, No. 35, on verdict of guilty of murder of the first degree, in case of Commonwealth v. Anton Weber. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Indictment for murder. Before STONE, P. J.

The opinion of the Supreme Court states the case.

Verdict of guilty of murder of first degree upon which judgment of sentence was passed. Defendant appealed.

*Error assigned* was charge, quoting it.


*Earle R. Jackson,* for appellant.


*Harry H. Rowand,* District Attorney, and *S. H. Gardner,* Assistant District Attorney, for appellee.


PER CURIAM, July 1, 1921:

Defendant and Mary Kim lived together for at least two months previous to November 11, 1918. On that night Mary Kim was killed by blows on the head with a blunt instrument and cuts on the neck inflicted with a razor. Defendant admitted having caused the injuries, but claimed he acted in self-defense. His testimony was to the effect that deceased attacked him with a razor while he was sleeping and in the darkness he struck her with a chair several times and then with the razor he took from her hands. The principal testimony against him was that of deceased's daughter, with whom he had a conversation in the hospital where he had been taken and to whom he admitted having quarreled with deceased, as a result of which he struck her with a hammer and subsequently with a razor, after which he attempted to kill himself. The jury returned a verdict of first degree murder and defendant appealed.

The single assignment of error complains that the court gave undue prominence to the testimony in support of the theory of the Commonwealth and ignored the evidence in support of the defense. An examination of the charge, in view of the testimony in the case, shows this assignment cannot be sustained. The court gave a summary of the testimony of defendant on which he relied in support of the theory of self-defense, as well as that of witnesses for the Commonwealth, and instructed the jury they were to determine the case on the evidence as they recalled it and that if their recollection differed from that of counsel or the court, they should be controlled entirely by their own remembrance of the facts.

The jury were also instructed to scrutinize the testimony of every witness and determine whether any were biased or prejudiced, and were cautioned that confessions should be considered only when shown to have been made voluntarily and not induced by any promise or threat. We find no cause for reversal.

The judgment is affirmed and the record remitted for the purpose of execution.